**SPO**
LYNN V. RIVERA, ESQ.
NEVADA BAR NO. 6797
**RESNICK & LOUIS. P.C.**
8925 W. Russel Road, Suite 220
Las Vegas, Nevada 89113
Telephone:     (702) 997-3800
Email:          lrivera@rlattorneys.com

*Attorneys for Defendant
HOME DEPOT U.S.A., INC.
(erroneously sued herein as HOME DEPOT USA
INC. dba THE HOME DEPOT)*

UNITED STATES DISTRICT COURT

STATE OF NEVADA

| | |
|---|---|
| TAYLOR TOUSSAIN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT USA INC. dba THE HOME DEPOT, a foreign corporation; DOES I through X; and ROE ENTITIES I through X; and ROE ENTITES, I through X,<br><br>Defendants. | No. 2-22-cv-00917-JCM-BNW<br><br>**AMENDED CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |

The discovery sought by the parties in the above-styled case is likely to involve production of documents and things containing business, competitive, proprietary, trade secret or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence), hereafter referred to as "Confidential Information," and witness testimony containing Confidential Information. Accordingly, the parties having agreed to enter into this Amended Confidentiality Stipulation and Protective Order ("the Order") to govern the production of Defendant's closed-circuit television footage from the subject store at the time of the subject incident, Defendant's confidential policies and procedures, associate training materials, and other incident reports (collectively hereinafter "Case Materials"). Therefore, for good cause shown, the Court hereby ORDERS as follows:

**Designation of Confidential Information.**

1. Defendant's Case Materials from the subject store at the time of the subject incident shall, prior to production, be marked by the producing party as "Confidential." This Stipulation and Order does not apply to any materials, documents, evidence, etc. other than Defendant's Case Materials from the subject store at the time of the subject incident.

2. Modification of Designation. The designation of Confidential Information by the producing party shall not be determinative and may be modified or eliminated at any time in one of two ways, as explained below.

    (a) The producing party may agree in writing to downgrade or eliminate the Confidential designation concerning any material it produced.

    (b) If the parties cannot agree as to the designation of any particular information or material after good faith discussion, the receiving party may move the Court to downgrade or eliminate the "Confidential" designation. The burden of proving that the information has been properly designated as protected shall be on the party who made the original designation.

**Access to Confidential Information**

1. General Access. Except as otherwise expressly provided herein or ordered by the Court, Confidential Information may be revealed only as follows:

    (a) To outside counsel for a party hereto (and secretaries, paralegals, and other staff employed in the offices of such outside counsel who are working on the litigation), provided that outside counsel who are not of record must first sign and deliver to counsel of record for each other party or parties a letter in the form of Exhibit A hereto.

    (b) To the parties after they have been given a copy of this Confidentiality Stipulation by their outside counsel and signed a letter in the form of Exhibit A.

    (c) To court reporters transcribing a deposition, hearing, or other proceeding in this matter who sign Exhibit A attached hereto (excluding court-appointed court reporters).

    (d) To independent experts and independent consultants (meaning a person who is not an employee, officer, director, or owner in any capacity of a party and who is retained by a party or a party's outside counsel in good faith for the purpose of assisting in this litigation) who sign Exhibit A attached hereto.

Nothing herein shall prevent the producing party from showing the documents or information to an employee of that party.

  2. No Copies/Notes.  Except for internal use by outside counsel for the parties hereto, for Court and deposition copies, and for such use as is expressly permitted under the terms hereof, no person granted access to Confidential Information shall make copies, reproductions, transcripts, or facsimiles of the same or any portion thereof or shall take notes or otherwise summarize the contents of such Confidential Information.

  3. Disputes over Access.  If a dispute arises as to whether a particular person should be granted access to Confidential Information, the party seeking disclosure may move the Court to permit the disclosure and must obtain an order of the Court before disclosing the information.

**Use of Confidential Information**

  1. Use in this Litigation Only.  Confidential Information may be used only for purposes of this litigation.  Each person to whom the disclosure of any Confidential Information is made shall not, directly or indirectly, use, disclose, or disseminate, or attempt to use, disclose, or disseminate, any of the same except as expressly provided herein.

  3. Use at Court Hearings and Trial.  Subject to the Federal Rules of Civil Procedure and Federal Rules of Evidence, Confidential Information may be offered into evidence at trial or at any hearing or oral argument, provided that the proponent of the evidence containing Confidential Information gives reasonable advance notice to the Court and counsel for the producing or designating party.  Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure.  If presented at trial, the status of evidence as Confidential Information shall not be disclosed to the finder of fact.

4. **Filing Under Seal.** Each document filed with the Court that contains any Confidential Information shall be accompanied by a Motion to Seal. The Parties agree not to file documents which are designated confidential unless they are provided with a Motion to Seal with the Court. Copies of such documents served on counsel for other parties shall be marked as Confidential.

5. **Reasonable Precautions.** Counsel for each party shall take all reasonable precautions to prevent unauthorized or inadvertent disclosure of any Confidential Information.

6. **Return After Litigation.** Within thirty (30) days of the final termination of this litigation by judgment, appeal, settlement, or otherwise, or sooner if so ordered by the Court, counsel for each party shall return to counsel for the party who furnished the same all items constituting, containing, or reflecting the other party's Confidential Information. In lieu or returning the Confidential Information, Plaintiff may destroy the records upon completion of litigation, with written confirmation to Home Depot that the destruction took place.

///

///

///

///

///

///

**Other Provisions**

1. Not an Admission. Nothing in this Order shall constitute an admission by the party that information designated as Confidential is actually Confidential Information. Furthermore, nothing contained herein shall preclude the parties or a person from raising any available objection, or seeking any available protection with respect to any Confidential Information, including but not limited to the grounds of admissibility of evidence, materiality, trial preparation materials and privilege.

IT IS SO STIPULATED AND AGREED:

DATED: March 2, 2023   **RESNICK & LOUIS, P.C.**

LYNN RIVERA, ESQ.
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

DATED: March 2, 2023   **TANNER LAW FIRM**

*/s/ David A. Tanner*
DAVID A. TANNER, ESQ.
JEFF GUNN, ESQ.
Attorneys for Plaintiff

**ORDER**

**IT IS SO ORDERED**

**DATED:** 10:21 am, March 08, 2023

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

# EXHIBIT A

## AGREEMENT CONCERNING INFORMATION COVERED BY CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

I have been designated by _____ as a person who may have access to Confidential Information as that term is defined in the Confidentiality Stipulation and Protective Order (the "Order") entered in the above-entitled case.

Having read the Order, I agree to comply fully with it and to be bound by its terms with respect to all documents and information designated as "Confidential" under the Order. I agree not to copy any documents or information that have been designated as "Confidential" and disclosed to me and not to disclose such documents or information to any person or entity not authorized under the Order to view Confidential Information.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _____ day of _____, 2022.

_____
Name

_____
Address

_____
Employer

_____
Job Title