UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Taylor Toussain, | Case No. 2:22-cv-00917-JCM-BNW |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Home Depot U.S.A., Inc., | |
| Defendant. | |

Before the Court is Plaintiff's motion to amend (ECF No. 17). Defendant Home Depot U.S.A., Inc. (Home Depot) opposed (ECF No. 19), and Plaintiff replied (ECF No. 21). For the reasons discussed below, the Court will recommend that Plaintiff's motion be denied.

**I.     Background**

Plaintiff initiated this action by filing a complaint in state court on June 2, 2022. ECF No. 1 at 7. Plaintiff alleged that on June 5, 2020, he slipped and fell because of Home Depot's failure to properly maintain and clean its premises. *Id.* at 9. Plaintiff brought a negligence cause of action against Home Depot and several Doe defendants. *Id.*

Home Depot removed this case based on diversity jurisdiction on June 7, 2022. ECF No. 1.

On October 21, 2022, Plaintiff moved to amend his complaint and to remand. ECF No. 17. Plaintiff moves to add a new, non-diverse defendant, Miquesha Renee Stewart. *Id.* at 5. According to Plaintiff, he was in a car accident with Ms. Stewart in July 2022. He suffered injuries in the accident, which allegedly aggravated his injuries from his slip and fall at Home Depot in June 2020. *Id.* at 6. He argues that amendment under 28 U.S.C. § 1447(e) is appropriate because adding Ms. Stewart as a party to this action is necessary (1) for complete relief; (2) to protect her interests, (3) to prevent a party from being subject to inconsistent obligations or verdicts (*id.* at 9, 13), and (4) to prevent duplication of resources by having to present "virtually identical" information in two forums (*id.* at 10).

Home Depot opposes Plaintiff's motion. ECF No. 19. Essentially, Home Depot argues that the cases, involving entirely separate accidents, should not be combined. *Id.* Home Depot argues that to the extent there are questions about whether the car accident aggravated any injuries from Plaintiff's slip and fall, this can be dealt with through expert testimony. *Id.* at 3. Plaintiff's medical records must be reviewed whether the cases are combined or not. *Id.* at 4. Home Depot also argues that combining the cases will be confusing and inefficient, as they involve two entirely separate accidents and two different standards of care. *Id.* at 4, 6.

## II.    Analysis

"There is a split in authorities, unresolved by the Ninth Circuit, on what standard governs the Court's decision whether to permit joinder of" defendants that would destroy diversity, Rule 15 or 28 U.S.C. § 1447(e). *McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 606 (S.D. Cal. 2014); *see also Magana v. Archer Daniels Midland Co.*, No. 120CV00578NONESKO, 2021 WL 1375466, at *1 (E.D. Cal. Apr. 12, 2021) (acknowledging that the Ninth Circuit has yet to resolve what standard governs this situation); *Armstrong v. FCA US LLC*, No. 119CV01275DADSAB, 2020 WL 6559232, at *3, n.3 (E.D. Cal. Nov. 9, 2020) (recognizing split).

Under Rule 15, a party may amend its pleading once "as a matter of course" within twenty-one days of serving it, or within twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. "The standard for granting leave to amend is generous." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011). And "the nonmovant bears the burden of showing why amendment should not be granted." *Senza-Gel Corp. v. Seiffhart*, 803 F.2d 661, 666 (Fed. Cir. 1986).

"The court considers five factors [under Rule 15] in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Corinthian Colls.*, 655 F.3d at 995. These factors, however, are not equally weighted. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Specifically, "delay alone[,] no matter how lengthy[,] is an insufficient ground for

denial of leave to amend." *Id.*; *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("[D]elay alone is not sufficient to justify the denial of a motion requesting leave to amend."). To deny a motion to amend based on delay, bad faith or prejudice must also exist. *Webb*, 655 F.2d at 980.

Under 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." "The language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

The Court believes that the proper analysis of a motion to amend that would add defendants and destroy subject matter jurisdiction is under 28 U.S.C. § 1447(e). While district courts in the Ninth Circuit have gone both ways, the Ninth Circuit's decision in *Newcombe*, 157 F.3d at 691, suggests that the proper analysis is under Section 1447(e). In *Newcombe*, after the case was removed, the plaintiff sought to add a defendant that would destroy diversity. *See id.* The district court denied the motion and the Ninth Circuit affirmed. *See id.* The Ninth Circuit cited Section 1447(e) (not Rule 15) and explained that

> [t]he district court considered the potential prejudice to Newcombe, balanced the equities, and determined that no injustice would occur. The district court, after stating that it was aware of its discretion under § 1447(e), concluded that Cassidy was not a crucial defendant in this case because Newcombe only sought (1) an injunction, which could only be enforced against the other defendants, and (2) money damages, which could be fully satisfied by the other defendants. In addition, the district court concluded that Newcombe would not suffer undue prejudice due to Cassidy's absence as a party because he could subpoena Cassidy to testify at trial, and if he so chose, he could still proceed separately against Cassidy in state court. We agree with these conclusions and therefore conclude that the district court did not abuse its discretion in denying Newcombe's motion to remand.

*Id.*

In two unpublished decisions issued since *Newcombe*, the Ninth Circuit has continued to apply Section 1447(e) in situations such as this (and not applied Rule 15). *See 3WL, LLC v. Master Prot., LP*, 851 F. App'x 4, 7 (9th Cir. 2021) (applying Section 1447(e) and reasoning that

"[b]ecause '[t]he language of § 1447(e) is couched in permissive terms and it clearly gives the district court the discretion to deny joinder,' this court has upheld such denials where the district court 'considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur.'") (citing *Newcombe*); *Kwasniewski v. Sanofi-Aventis U.S., LLC*, 637 F. App'x 405, 407 (9th Cir. 2016) ("Plaintiffs sought leave to amend the complaint . . . The district court properly denied the motion because the proposed amendment sought to rejoin diversity-destroying defendants under the analysis required by 28 U.S.C. § 1447(e).").

Based on these published and unpublished Ninth Circuit cases, this Court concludes that it must analyze the instant motion to amend under 28 U.S.C. § 1447(e).

The Court further concludes that, based on *Newcombe*, it should consider the prejudice to the Plaintiff, balance the equities, and determine whether injustice would occur. *See Newcombe*, 157 F.3d at 691; *3WL*, 851 F. App'x at 7 ("this court has upheld such denials where the district court 'considered the potential prejudice to [the plaintiff], balanced the equities, and determined that no injustice would occur.'") The Court acknowledges that district courts in the Ninth Circuit sometimes apply various factors in evaluating motions to amend under Section 1447(e); however, different courts apply different factors (or none at all). *See, e.g., Sanchez by & through Gomez v. Target Corp., LLC*, No. 221CV00058KJDDJA, 2021 WL 952095, at *1 (D. Nev. Mar. 12, 2021) (applying six factors); *O'Leary v. Smith's Food & Drug Centers, Inc.*, No., 2019 WL 1217296, at *1 (D. Nev. Feb. 25, 2019), *report and recommendation adopted,* No. 2:18-CV-2150-GMN-VCF, 2019 WL 1207931 (D. Nev. Mar. 14, 2019) (applying three factors); *Resendez v. Smith's Food & Drug Centers, Inc.*, No. 2:14-CV-00201-APG-NJK, 2015 WL 875300, at *1 (D. Nev. Mar. 2, 2015) (applying four factors); *Glaster v. Dollar Tree Stores, Inc.*, No. 215CV00252MMDVCF, 2016 WL 128139, at *2 (D. Nev. Jan. 12, 2016) (noting that "some district courts in the Ninth Circuit have applied a multi-factor test to this analysis, assessing the motives behind seeking joinder, and whether joinder would affect subject matter jurisdiction. Many of those factors, however, appear to arise from Ninth Circuit case law that predates the 1988 enactment of § 1447(e) in its current form."). Accordingly, rather than choosing a set of factors to apply, the

Court follows the Ninth Circuit in *Newcombe* and subsequent unpublished cases and will assess the prejudice to the Plaintiff, balance the equities, and determine whether injustice would occur.

     First, the Court considers the prejudice to Plaintiff if amendment is denied and determines that Plaintiff will not be prejudiced. As an initial matter, contrary to Plaintiff's assertion, it is not necessary to add Stewart for Plaintiff to obtain complete relief. This is so because Plaintiff may proceed against Stewart in state court. As Plaintiff acknowledges, the statute of limitations to sue Stewart has not run. ECF No. 17 at 10. Accordingly, a federal jury may assess Home Depot's liability and a state jury Stewart's. While Plaintiff argues that Home Depot may engage in an "empty chair defense" (and the federal jury could find Stewart primarily liable, while the state jury could find Home Depot primarily liable, leading to "incomplete relief"), this is a hypothetical concern that will ultimately come down to whether Plaintiff carries his burden in each forum to show each party's liability. It is also not clear to the Court that the federal jury would determine Ms. Stewart's liability. In other words, the only question that the federal jury will likely decide is whether Home Depot is liable for any of Plaintiff's injuries and if so, for how much. The federal jury will likely not be asked to decide if Stewart is liable, and if so, for how much (since Stewart is not a party to this case and the Court has no jurisdiction over her). The same is true for the state court and Home Depot's liability. This also means that Plaintiff, Home Depot, and Stewart will not be subject to conflicting verdicts or judgments, as the court will not enter a verdict or judgment against Home Depot or Stewart if it is not a party to the case; it would not have jurisdiction to do so. Finally, the Court does not agree that Plaintiff will have to present virtually identical information in both forums. Some of Plaintiff's damages evidence may overlap in the two forums, but the car accident and the fall at Home Depot are entirely separate events. Accordingly, Plaintiff will not be prejudiced if amendment is denied.

     Second, the Court balances the equities of allowing amendment versus denying amendment. If the Court allowed amendment, Plaintiff would be able to bring one suit against Home Depot and Stewart and possibly preserve some resources. This cuts slightly in favor of allowing amendment. However, Stewart and Home Depot would be forced to expend more resources litigating a broader suit, involving an accident each had no part in. As Home Depot

points out, trying the case in this manner may also be confusing for a jury. This cuts slightly against allowing amendment.

Third, the Court determines that injustice would not occur if Plaintiff was not allowed to amend his complaint. As previously discussed, Stewart is not a crucial defendant in this case. Plaintiff can obtain complete relief by suing Home Depot in federal court and Stewart in state court. Accordingly, no injustice will occur if Plaintiff is not permitted to amend his complaint.

Ultimately, given the entirely separate events that led to Plaintiff's allegations against Home Depot and Stewart (with the possibility of only some damages evidence overlapping), the Court finds it is more just for Plaintiff to litigate his cases separately.

Considering all these factors, the Court, in its discretion under 28 U.S.C. § 1447(e), recommends that Plaintiff's motion to amend be denied. If Plaintiff's motion to amend is denied, diversity will not be destroyed and remand is neither necessary nor appropriate. Accordingly, the Court also recommends that Plaintiff's request to remand be denied.

**III.   Conclusion and Recommendation**

**IT IS THEREFORE RECOMMENDED** that Plaintiff's motion to amend (ECF No. 17) be **DENIED.**

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: April 20, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE